## FIELDS *vs.* RALSTON AND MARTIN.

Where lands are levied on by execution, and claims interposed and withdrawn by successive claimants to whom the property is conveyed, a Court of Equity will interfere and restrain the claimant from withdrawing his claim, and the holder of the title from transferring the same, until the question as to its liability to the lien can be adjudicated.

Equity, in Lumpkin Superior Court. Decision on demurrer by Judge Rice, at July Term, 1859.

This was a bill in equity, filed by John D. Fields, against Lewis Ralston and William Martin. The bill alleges that complainant is the owner and transferee of several *fi. fas.* obtained in a Justices' Court of Lumpkin county, against one Samuel King. These executions were issued in the years 1835 and 1836.

That in 1839, complainant ordered the under said executions to ssed, being that they could not be sustained, and id *fi. fas.* relevied upon lots of land Nos. 1,080 and in the 12th district and 1st section of Lumpkin cou at at the time said last levy was made, the defendant in *fi. fas.* had the title to said lots of land. That the executions with the levies on said lots, were turned over by the constable to the sheriff, and by him advertised for sale, and one Tully Choice interposed a claim to said lands, which was returned to the Superior Court of said county, first March Term, 1840, and was continued until 1843, when it was withdrawn, and no record thereof can be found. After Choice's claim was withdrawn said lots of land were again advertised for sale, when Choice again interposed his claim to lot 1,055, and one Charles V. Chamberlain interposed a claim to No. 1,080, which claims were returned to March Term, 1844, of Lumpkin Superior Court, and were continued from time to time, and transferred to the appeal, until March Term, 1850, when they were withdrawn, and complainant ordered said lands to be readvertised for sale, when Lewis Ralston interposed his claim to both lots, and which are now pending. That complainant has been prosecuting his rights up to the time of filing this bill; that the pretended claims to these lands have been, and are now

constantly being transferred, and have finally been transferred to William Martin, and thus the litigation continued and protracted to the great injury of complainant, and by the fraudulent combination of Ralston and Martin to prevent him from collecting his just debts. The bill prayed that said Martin be enjoined, etc.

To this bill defendant demurs for want of equity. The Court sustained the demurrer and dismissed complainant's bill, and counsel for complainant excepts and assigns said decision as error.

IRWIN and LESTER, for plaintiff in error.

WM. MARTIN, represented by EZZARD, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

It would seem that this was a case wh~~ ~ Court of Equity ought to interpose. Otherwise, we see ~ end to the litigation involve~~ ~ By enjoin~~ ~vis Ralston from withdrawing his claim, and William~~ ~ from selling or conveying the two lots of land le~~ ~ he being the last purchaser, until the rights of t~~ ~ can be heard and adjudicated under this bill, there will be a final adjustment of the matter in dispute; and we shall direct that leave be granted to the complainant to amend his bill so as to effectuate this object.